**W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Plaintiff,**

**v.**

**PIONEER STEEL COMPANY, a Corporation, and John N. Campbell, Defendants.**

**Civ. A. No. AC/925.**

United States District Court
E. D. South Carolina,
Columbia Division.

Jan. 11, 1963.

Charles Donahue, Sol., Beverley, R. Worrell, Regional Atty., William Fauver, Atty., U. S. Dept. of Labor, Birmingham, Ala., for plaintiff.

Thomas Kemmerlin, Jr., A. McConnell Faucette, Ellison D. Smith, Jr., Columbia, S. C., for defendants.

WYCHE, District Judge (sitting by designation).

Plaintiff brings this action to enjoin the defendants (a) from violating the minimum wage and shipping provisions of the Fair Labor Standards Act (29 U.S.C.A. § 201 et seq.), and (b) from withholding payment of minimum wages due six named employees under the Act.

Pursuant to Rule 52(a), Rules of Civil Procedure, 28 U.S.C.A., I find the facts specially and state my conclusions of law thereon in the above case as follows:

## FINDINGS OF FACT

1. The defendant Pioneer Steel Company is a corporation having its principal place of business in Cayce, Lexington County, South Carolina. This corporation was formed four years ago and has had as its president since the date of formation John N. Campbell, also named as a defendant in this action. John N. Campbell is an engineer by training and had no experience in running a business of a corporation prior to the formation of the defendant corporation.

2. The defendant corporation has among its employees six truck drivers. It is on behalf of these drivers that the plaintiff seeks an injunction and to recover unpaid minimum wages. These drivers are covered by the Act but fall within an exemption created by Section 13(b) (1) of the Act. This section provides that the overtime provisions of Section 7 of the Act shall not apply to employees "with respect to whom the Interstate Commerce Commission has power to establish qualifications and maximum hours of service pursuant to the provisions of section 204 of the Motor Carrier Act, 1935." The six truck drivers fall within this exemption, but Section 13(b) (1) does not provide

an exemption from the minimum wage provisions of the Act for such employees.

3. At all times material to this cause the defendants have employed approximately 59 employees in various occupations in connection with ordering, receiving, unloading, handling and performing clerical and bookkeeping functions in connection therewith, materials regularly received at defendants' said place of business from points outside the State of South Carolina, and in various occupations in connection with the manufacture, production, handling, sale and transportation of steel and other products, substantial quantities of which have regularly been shipped, delivered and sold from defendants' place of business to points outside the State of South Carolina.

4. Defendants' place of business was first investigated by the Wage and Hour Division, United States Department of Labor, in May, 1960. It was again investigated in December, 1960; on December 16, 1960, the investigator held a final conference with the defendant J. N. Campbell in defendant Campbell's office. At such time the investigator furnished defendant Campbell a copy of Title 29, Code of Federal Regulations, Interpretative Bulletin, Part 782 "Exemption from Maximum Hours of Certain Employees of Motor Carriers", explained the application of the motor carrier exemption (Section 13(b) (1) of the Act) to defendant Campbell, and went over the publication with him. The following sentence commences at page 1 of the Bulletin: "Section 13(b) (1) of the Fair Labor Standards Act provides an exemption from the maximum hours and overtime requirements of section 7 of the act, but not from the minimum wage requirements of section 6." The investigator then inquired of defendant Campbell whether he understood the provisions of the motor carrier exemption, and understood that the defendants were required to pay the statutory minimum wage to truck drivers, but were not required to pay overtime compensation to interstate truck drivers, and defendant Campbell advised the investigator that he understood the motor carrier exemption and agreed at the investigator's request to furnish the Department of Labor a letter setting forth the fact that he understood the exemption and other requirements of the law discussed in the conference and would comply with the law in the future. Defendant Campbell testified that he recalled the December 1960, investigation, and that the investigator furnished him a copy of the Interpretative Bulletin, which has remained in the defendants' possession since then and was produced at the trial, but that defendant Campbell had the impression that truck drivers were exempt from the minimum wage as well as the overtime provisions of the Act. He did recall that the investigator had requested that he present a letter to the Department of Labor acknowledging his understanding of the motor carrier exemption as well as other requirements of the law and stating his intention to comply with the law in the future. A letter dated December 16, 1960, was introduced in evidence and contains the following statements, signed by defendant Campbell: "We have discussed the 13(b) (1) exemption. * * * We understand these requirements and we understand (intend) to comply fully in the future."

5. Following the December, 1960, investigation, Congress amended the minimum wage provisions of the Act to increase the minimum wage from $1.00 to $1.15 an hour effective September 3, 1961. Prior to the effective date of the amendment the United States Department of Labor furnished defendants a written bulletin advising that Congress had amended the Act and that the minimum wage would be increased to $1.15 an hour effective September 3, 1961.

6. In February, 1962, the defendants' place of business was investigated a third time by the Wage and Hour Division, United States Department of Labor. This investigation disclosed that the defendants had not raised the wages of their truck drivers to $1.15 an hour on September 3, 1961, and had continued

paying their truck drivers less than $1.15 throughout the period from September 3, 1961, to the date of the investigation. When the investigator advised defendant Campbell of these violations, defendant Campbell stated that he had had the impression that the truck drivers were exempt from the minimum wage as well as overtime provisions of the Act.

7. The complaint was filed in June, 1962, and, as amended, specifies the amount of unpaid minimum wages due six truck drivers, a total of Seven Hundred, One and 45/100 ($701.45) Dollars. The back wages were thereafter paid to the truck drivers on July 2, 1962. Defendant Campbell testified that defendants would have continued to pay their truck drivers less than the minimum wage indefinitely had there not been a third investigation of their operations.

8. While the defendant Campbell wrote plaintiff that he understood the provisions of Section 13(b) (1), he in fact understood the section only as it related to record-keeping, not as it related to minimum wages, minimum wages not being at that time an issue.

9. I do not believe that the defendants intended to violate the Act, but, while raising the wages of other employees in accordance with the amendment to the Act, they negligently failed to raise the wages of the six truck drivers. Upon the violation being called to their attention the defendants corrected it and upon being advised the amount owed, paid the six truck drivers.

10. It is the duty of employers to keep abreast of the law and the changes made by Congress.

11. I do not believe that any future violations of the provisions of the Act by the defendants are likely to occur.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction over the parties and the subject matter of this cause.

2. The defendants are employers within the meaning of the Act and as employers they have regularly employed truck drivers engaged in loading, unloading, handling, working on and transporting steel products produced for commerce and moving in commerce to and from points outside the State of South Carolina. Such employees have regularly been employed in commerce or in the production of goods for commerce within the meaning of the Act.

3. Defendants have violated the minimum wage provisions of the Act (29 U.S. C.A. §§ 206 and 215(a) (2), by paying their truck drivers engaged in commerce or in the production of goods for commerce wages at rates less than $1.15 per hour.

4. Defendants' truck drivers have regularly unloaded steel materials arriving from points outside the state and hauled finished steel products (assembled from incoming steel materials) from defendants' place of business to points outside the State. Hence, the truck drivers have regularly engaged in handling materials used in the process of producing goods for commerce and have been, themselves, engaged in the production of goods for commerce within the meaning of the Act (29 U.S.C.A. § 203(j)). Defendants have violated the shipping provisions of the Act (29 U.S.C.A. § 215(a) (1)) by shipping in commerce goods produced in violation of the minimum wage provisions of the Act, in weeks in which the truck drivers were paid less than the statutory minimum wage.

5. The investigator who undertook the December 6, 1960, investigation, endeavored to carry out his duties in a fair and reasonable manner, undertaking to advise the defendants of their statutory duties and relied upon their written and oral assurances that they realized their duties and would comply in the future. An employer has the duty to see that he does not engage in interstate commerce at wage rates less than those required by law. If, as here, he relies upon an exemption to the law, he must be held responsible for knowing the burden as well as the benefits of the exemp-

tion. Here the burden was the payment of the minimum wage, which was not done.

 6. I conclude that the defendants are now complying with the provisions of the Act sought to be enjoined and that it is unlikely future violations will occur, but since it is the duty of employers to keep abreast and fully advised as to the Fair Labor Standards Act, and the Amendments made by Congress, and under the facts of this case, I find that the plaintiff is entitled to an injunction restraining the defendants from violating the minimum wage and shipping provisions of the Act, for a period of one (1) year, from the date of these Findings of Fact and Conclusions of Law.

Let judgment be entered accordingly.